(25 Misc. Rep. 564.)

GREENLEAF v. BLAKEMAN et al.

(Supreme Court, Special Term, New York County. December, 1898.)

1. SEPARATION AGREEMENT—CONSIDERATION.

There is consideration for the stipulation by the husband, in a separation agreement, to secure the payment of an annual allowance to the wife, in the renunciation by her of all interest in his estate and of all right to maintenance and support, notwithstanding there is no express indemnity by the trustee in the agreement against the wife's debts, the law imparting it.

2. SAME—SPECIFIC PERFORMANCE.

Contract of husband, in separation agreement, to secure the payment of an annual allowance to the wife, is one which will be specifically enforced.

3. SPECIFIC PERFORMANCE—MISCONCEPTION.

Misconception of the legal effect of an unequivocal agreement will not prevent specific performance thereof.

4. SAME—DEFINITENESS.

Stipulation of husband, in separation agreement, that payment of an annual allowance to the wife shall be secured "either by bond of sufficient security, individual or corporate, or by collateral security of suitable character," is sufficiently definite and certain, as to the first alternative, though not as to the other, to be specifically enforced.

5. SAME—ALTERNATIVE—ELECTION.

Where one covenants to do one of two things, both of which alternatives are valid and enforceable, but on demand refuses to do either, the other may elect which to enforce.

Action by Thomas Greenleaf, trustee, against Louis H. Blakeman and another. Judgment for plaintiff.

Richards & Heald (George Richards, of counsel), for plaintiff.

Booraem, Hamilton & Beckett (William H. Hamilton, of counsel), for defendant Louis H. Blakeman.

John E. Roeser, for defendant Eleanor L. Blakeman.

PRYOR, J. The action is by the trustee in a separation agreement, to enforce the specific performance of a stipulation by the husband to secure the payment of an annual allowance to his wife. The stipulation is that:

"Such payments shall be secured, either by bond of sufficient security, individual or corporate, or by collateral security of suitable character, and in market value not less than $70,000, placed in the hands of the party of the third part, or his successor in trust, within six months from the execution and delivery hereof."

In the renunciation by the wife of all interest in her husband's estate, and of all right to maintenance and support, the contract exhibits an ample consideration. Calkins v. Long, 22 Barb. 97, 100.

The omission of an indemnity by the trustee against the wife's

debts is of no consequence, since the law itself imports such indemnity. Calkins v. Long, 22 Barb. 97, 100.

Misconception of the legal effect of the agreement is no obstacle to its specific enforcement. Pom. Spec. Perf. Cont. § 293; Fry, Spec. Perf. § 733. The agreement is absolutely unequivocal, and in fact was not misunderstood by the defendant husband. Even if he made the contract solely out of solicitude for his mother,—an inference repelled by the tenor of the negotiation,—the fact would not impair the obligation to the wife. The agreement was the result of a cautious and protracted treaty, in which the husband's interests were protected by the vigilance and fidelity of competent counsel, in every stage of which his own judgment and wishes were consulted, and in the provisions of which I detect no feature of unfairness or oppression. It is an agreement of which the specific performance will be decreed. Anderson v. Anderson, 1 Edw. Ch. 380; Champlin v. Champlin, 1 Hoff. Ch. 55; Aspinwall v. Aspinwall, 49 N. J. Eq. 302, 24 Atl. 926; Calkins v. Long, 22 Barb. 97, 109; Pom. Spec. Perf. Cont. § 22. Unquestionably, to be susceptible of specific performance, a contract must be "reasonably certain in its stipulations" (Stokes v. Stokes, 148 N. Y. 708, 43 N. E. 211); and, as intimated on the argument, I doubted whether the engagement, being in the alternative, may be enforced in equity. But in Smith v. Rector, etc., 107 N. Y. 610, 14 N. E. 825, the agreement was to sell or lease; and the court nevertheless decreed its performance, saying (page 621, 107 N. Y., and page 829, 14 N. E.):

"The contract binds the defendant either to pay such value or execute a new lease. It is bound to perform its contract by availing itself of one or the other of these alternatives."

Still, in the case at bar, it is a question if the alternatives be so certain and definite as to authorize the enforcement of either. As to the first, namely, a "bond of sufficient surety, individual or corporate," it remains to determine the character and sufficiency of the surety. Whether the surety shall be an individual or a corporation may be left to the option of the defendant husband. Whether the surety be sufficient, the court will decide. Joy v. St. Louis, 138 U. S. 1, 43, 11 Sup. Ct. 243. The other alternative I conclude to be too indefinite and uncertain for specific enforcement. The stipulation is for "collateral security of suitable character." In Ladd v. Stevenson, 43 Hun, 541, affirmed 112 N. Y. 325, 19 N. E. 842, an engagement for "satisfactory security" was considered as impracticably vague. The second alternative being void for uncertainty, the court will decree performance of the first. Pom. Spec. Perf. Cont. (2d Ed.) bottom page 389, note to section 299; Id. bottom page 390, § 300; Fry, Spec. Perf. § 990. Indeed, supposing both alternatives valid and enforceable, by the husband's refusal to perform either, an election between them devolved on the plaintiff, and he may demand a bond instead of collaterals. Bish. Cont. §§ 785, 786, 1435. Judgment for plaintiff as indicated, with costs.

Judgment for plaintiff, with costs.