JOHN M. STODDARD, Appellant, *v.* MAUDE R. STODDARD, Respondent.

Husband and wife — equity — agreement for separation — when courts have not jurisdiction to enforce provision of agreement that if circumstances should change, the amount to be paid by the husband should be decreased.

The plaintiff and defendant entered into a separation agreement which contained a provision to the effect that plaintiff should pay to the defendant sums named therein to be used for her support and maintenance and that of their children. In addition to these provisions it contained one which read as follows: " In the event that there should be any material change in the circumstances of either of the parties hereto either party hereto shall have the right to apply to any court of competent jurisdiction for a modification of the provisions herein regarding the amounts to be paid hereunder by the party of the first part (the husband) to the party of the second part hereto (the wife)." After making the payments provided in the agreement for several years plaintiff brought this action wherein he alleged in substance that his income had become greatly impaired and that of his wife considerably increased, that he was no longer able to make the payments in the agreement provided, and that the defendant insisted upon full payment and prayed relief that the amount required by him to be paid under the original terms of the agreement might be reduced and, if the court should determine that it was without jurisdiction to grant this relief, that it might be adjudged that the separation agreement was no longer in force and the defendant be enjoined from prosecuting any action thereunder against the plaintiff. *Held*, that the court cannot reform an agreement entered into by parties by making a new agreement or provision for them in the place of the one which they have deliberately adopted, and that its equitable powers cannot be invoked for the purpose of restraining enforcement by defendant of this contract unless there be some facts justifying such relief of which a court of equity could and a court of law could not take cognizance and that the presentation of the case shows no such fact. (*Kelso* v. *Kelly*, 1 Daly, 419; *Greenleaf* v. *Blakeman*, 166 N. Y. 627; *Joy* v. *St. Louis*, 138 U. S. 1, distinguished; *Johnson* v. *Johnson*, 206 N. Y. 561, followed.)

*Stoddard* v. *Stoddard*, 187 App. Div. 258, affirmed.

(Argued May 21, 1919; decided July 15, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 17, 1919, which reversed an order of Special Term denying a motion by defendant for judgment in her favor on the pleadings and granted said motion.

The following questions were certified: " 1. Does the complaint herein state 'facts sufficient to constitute a cause of action? 2. Has the Supreme Court jurisdiction of the subject-matter of the action? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick E. Anderson* for appellant. The Supreme Court is a court of competent jurisdiction within the meaning of the agreement. (*Pelz* v. *Pelz,* 156 App. Div. 765; *Ducas* v. *Guggenheimer,* 90 Misc. Rep. 191; 173 App. Div. 884; *Greenleaf* v. *Blakeman,* 25 Misc. Rep. 564; 40 App. Div. 371; 166 N. Y. 627; *Stanton* v. *Miller,* 58 N. Y. 200; *Joy* v. *St. Louis,* 138 U. S. 1; *Van Beuren* v. *Wotherspoon,* 12 App. Div. 421.)

*A. M. Wattenberg* and *William S. Bennet* for respondent. The Supreme Court has no jurisdiction of the subject-matter of the action. (*Curtis* v. *Albee,* 167 N. Y. 360; *Ramsden* v. *Ramsden,* 91 N. Y. 281; *Johnson* v. *Johnson,* 206 N. Y. 561; *Hughes* v. *Cumming,* 165 N. Y. 91.) Jurisdiction of the subject-matter cannot be conferred upon the court by consent. (*Benson* v. *Eastern B. & L. Assn.,* 174 N. Y. 83; *Meacham* v. *J. F. & C. R. Co.,* 211 N. Y. 346; *Matter of Caffrey,* 52 App. Div. 264.)

HISCOCK, Ch. J. The plaintiff and defendant, being husband and wife and then living apart, several years ago entered into a separation agreement which has been assumed to be valid. It contained many provisions of the general character usually found in such an agreement and amongst them those to the effect that plaintiff each

month should pay to the defendant the sum of $700, $500 to be used for her own support and maintenance and $200 to be expended by her for the support and maintenance of two children. In addition to these usual provisions it contained an unusual one which read as follows: " In the event that there should be any material change in the circumstances of either of the parties hereto either party hereto shall have the right to apply to any court of competent jurisdiction for a modification of the provisions herein regarding the amounts to be paid hereunder by the party of the first part (the husband) to the party of the second part hereto (the wife)."

After making the payments provided in said agreement for several years plaintiff brought this action wherein in addition to allegations of a formal nature and concerning the sufficiency of which no question arises, he alleged in substance that his income had become greatly impaired and that of his wife considerably increased, that he was no longer able to make the payments in the agreement provided and had attempted to procure his wife to accept those of a lesser amount but that she had refused so to do, insisting that she would bring actions from month to month to enforce payment of the sums mentioned in the agreement and that in fact she had already brought one or more of such actions. The separation agreement was set forth in full and upon the allegations stated and in reliance upon the clause which has been quoted he in substance prayed relief that the amount required by him to be paid under the original terms of the agreement might be reduced in amount and, if the court should determine that it was without jurisdiction to grant this relief, that it might be adjudged that the separation agreement was no longer in force and the defendant be enjoined from prosecuting any action thereunder against the plaintiff.

By demurrer the defendant has presented the question whether this complaint states a cause of action and with

the answer given by the order appealed from that it does not we agree.

Originally there seems to have been considerable uncertainty and debate concerning the character to be ascribed to this action as bearing on the right of plaintiff to maintain it. Our consideration, however, is freed from the necessity for much of this discussion by the concessions now made and the position now assumed by the plaintiff.

It is conceded, as it undoubtedly otherwise must have been held, that this is not a matrimonial action or in the nature of a matrimonial action under the provisions of the Code to have the court decree a separation and fix an amount for the support and maintenance of the wife. The most cursory examination of the allegations of the complaint also shows that it was not brought as an action to have the agreement set aside as vitiated by fraud or misunderstanding and that it is not an action to have the instrument so reformed as to conform to an agreement actually made by the parties but through mistake not properly reduced to writing.

The plaintiff adopts as its character that of an action to enforce specific performance. He says that the contract comprehends the agreements: (1) " That upon a material change in the circumstances of either party the particular allowance specified in the contract shall no longer be paid." (2) " That from thenceforth the plaintiff should pay and defendant should accept such amount as the court should (ought to) prescribe according to its course and practice in matrimonial actions having in view the resources and income of the respective parties," and he, therefore, prays specific performance and enforcement of the contract on that interpretation.

It is to be noted that the plaintiff does not for any recognized reason in any manner directly or indirectly assail the agreement as a whole or ask that it be set aside. He simply asks that the court shall fix a new amount which

shall be inserted in certain provisions of the contract as the amount thenceforth to be paid by plaintiff to defendant and in that respect make a new agreement for the parties. It is true that in the attempt to sustain the action on the theory of one of specific performance it is sought to extend the real purpose of this action. It is suggested that the court shall make a judgment fixing this new amount and compelling defendant thenceforth to accept it and the plaintiff thenceforth to pay it. These latter propositions in our judgment, however, amount merely to an attempt to extend by mere words what is the real and substantial purpose of the action. Plaintiff has no interest in an action to compel defendant to accept some money from him and he has no need for an action to compel himself to pay money to defendant, if he wants to. The real and only purpose is to have the court fix a new amount in the contract which the plaintiff will be bound to pay and which the defendant can collect if she wants to. If this amount is thus fixed the whole difficulty from plaintiff's standpoint is settled and there is no necessity for further provisions for specific performance of a contract which can be enforced at law.

Thus we come to the question already outlined whether the Supreme Court had jurisdiction to take hold of one of the provisions of this contract and determine the reasonable amount to be paid by one of the parties to the other and in that respect make a new agreement for them. We know of no principle and we have been cited to no authority which authorizes the court in this way in effect to write a clause in the contract for the parties. While the parties to this particular contract have attempted to agree that the court might exercise this jurisdiction it really is not claimed that that agreement confers upon the court powers which it does not inherently possess. It seems to us that this case is not other than it would be if two parties making a contract

for the sale of real estate at a fixed price to be executed at some distant day, should provide that if conditions changed in the meantime the court should determine what would be a fair sum to be inserted in the contract as the purchase price of the real estate. We think that it would scarcely be claimed with seriousness that the court could do this even on an agreement of the parties and it does not seem that the present proposal is any different in its nature.

The cases which have been cited in behalf of the plaintiff do not in our opinion at all sustain his contention. Cases are called to our attention where an agreement for the renewal of a lease on a rental to be fixed by arbitration was liable to fail through the failure of the arbitration and where the court has enforced specific performance of the contract, relieving one party, through ascertainment of its own, from the failure of the other party to submit to arbitration or from the failure of the arbitrators properly to act. Of these cases that of *Kelso* v. *Kelly* (1 Daly, 419, 424) has become by citation a leading authority, but a full review of that case makes it very plain how different the facts therein involved were than those here presented to us. The parties had agreed on the renewal of a lease with an arbitration to fix the amount of the rental. That proceeding was a fundamental feature of the agreement and the defendant refused to appoint an arbitrator. As the court said: " But the plaintiffs cannot give the new lease until the amount of the rent is fixed, and as the defendant will not appoint an arbitrator, the plaintiffs are entitled to the quitable aid of the court to ascertain it — that being the only mode under the circumstances in which it can be ascertained and fixed,". and, therefore, the court enforced specific performance of the agreement made by the parties ascertaining the amount which should have been fixed by an arbitrator whom, however, the defendant had refused to appoint.

It did not make any new agreement for the parties or in an independent or original way act for them in fixing an amount as is asked here.   It compelled action in accordance with an agreement and when one of the parties would not act it acted for him.

The case of *Greenleaf* v. *Blakeman* (25 Misc. Rep. 564; affd., as modified, 40 App. Div. 371; 166 N. Y. 627), relied on by plaintiff, is easily and clearly distinguishable from this case.   There by a separation agreement the husband contracted to make certain payments for the benefit of the wife and that such payments should be secured by bond or by collateral, and when the husband refused to perform his contract by doing as he agreed to the court compelled him to act.   It did not as an original proposition decide for the parties what would be a fair sum to be allowed for support or what would be a safe security to be executed by the husband conditioned for the payment of such support.   It took the agreement which the parties had made and compelled performance of it.

The action of *Joy* v. *St. Louis* (138 U. S. 1), also greatly relied on by the plaintiff, is utterly unlike this case.   In substance an agreement had there been made, as claimed, by a railroad corporation to allow certain trackage rights for a fair and equitable compensation. It or its successors refused to carry out its contract and by intervention in this action by the interested parties it was sought to compel it to do so.   As a mere incident in the action to enforce specific performance the court determined what would be the fair and equitable compensation specified in the contract.   That part of the relief was a mere incident to the general and fundamental relief which was sought of compelling the defendant to allow the use of its tracks, and the court merely fixed the figures which would express the agreement of the parties.

In our opinion the views expressed in *Johnson* v.

*Johnson* (206 N. Y. 561) are applicable to and largely controlling of this case. In that action an application was made by the plaintiff, the wife, to compel the defendant to pay counsel fees *pendente lite*. A separation agreement had been made between the parties and the plaintiff sought to have the amount of the allowance therein provided largely increased on the ground that she had been induced by duress and other improper acts to execute the agreement. As in this case, no attempt was made to have the agreement as an entirety set aside but only to have the amount allowed for support increased. In determining whether the plaintiff was entitled to counsel fees the court viewed the case from two standpoints. In the first place it considered whether it was a matrimonial action in which such fees could be allowed and held that it was not such an one. It then went farther and held that on no possible view could counsel fees be allowed if the plaintiff did not state a cause of action and thus it arrived at the question whether the complaint, asking simply that a new amount be fixed by the court and inserted in the agreement which otherwise was allowed to stand, stated a cause of action and held that it did not. In answering this inquiry it was said in language which we think is presently applicable: " The question thus becomes whether where parties do enter into a separation agreement which provides as one of its features for an allowance to the wife, the court can annul this latter provision leaving the rest of the agreement intact, and then substitute its decision for the agreement of the parties as to the amount of allowance. It is very clear that this cannot be done. In the first place, the amount of allowance for support to be paid by the husband is so far an integral pa.t of the agreement for separation that I doubt whether it could be set aside without annulling and cancelling the entire agreement. But beyond this the court cannot reform an agreement entered into by parties by making a new agreement or

provision for them in the place of the one which they have adopted. (*Hughes* v. *Cuming*, 165 N. Y. 91, 96, 97.) "

Under the second provision of the prayer for relief which has been quoted it is somewhat faintly urged that the court should retain jurisdiction of the action for the purpose of decreeing that payment at the existing rates should no longer be enforced, but we see no ground for relief of that kind. Obviously and independent of any other consideration the equitable powers of the court cannot be invoked for the purpose of restraining enforcement by defendant of this contract unless there be some facts justifying such relief of which a court of equity could and a court of law could not take cognizance, and on the present presentation of the case we perceive no such fact. If it be true as urged by plaintiff that the fair meaning of his contract with defendant is that he should pay the amounts thereunder provided so long as the situation of the parties continued without substantial change and that he should not be compelled to pay such amounts if his ability so to do became substantially impaired or the income of defendant became substantially larger, we see no reason why such meaning of the contract may not as well be urged as a defense to an action to collect under it as for the basis of an action to prevent collection under it.

We think that the order should be affirmed, with costs, and that both questions certified to us should be answered in the negative.

COLLIN, CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.