ELSIE B. GALE, FORMERLY ELSIE B. WIMPFHEIMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19583. Promulgated October 28, 1949.

662

*Thomas N. Tarleau, Esq.*, and *Sandow Holman, Esq.*, for the petitioner.

*John J. Madden, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: Section 22 (k) of the Internal Revenue Code[1] provides that periodic payments received by a wife under a decree of divorce or of separate maintenance, subsequent to the decree and in discharge of a legal obligation which stems from the marital or family relationship, and which is imposed upon the husband under the decree or written instrument incident to the divorce or separation, shall be includible in the gross income of the wife. This section further provides that installment payments discharging part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments except where the principal sum may be or is to be paid within a period of more than ten years from the date of the decree or instrument.

The first question presented herein is whether the amount of $19,000, representing increased alimony for prior years which was received by the petitioner in 1944 from her former husband as a result

---

[1] SEC. 22. GROSS INCOME.

* * * * * * *

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, *periodic payments* * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. *Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection* * * *. [Italics supplied.]

of the modification of a prior decree of divorce, constituted "periodic" or "installment" payments of alimony within the meaning of section 22 (k).

It is clear that the monthly payments of $666.67 received by the petitioner in 1941, 1942, and 1943 were "periodic" payments within the meaning of section 22 (k). This is true regardless of whether they were made under the separation agreement or under the 1940 decree of divorce, as neither instrument specified a principal sum representing an obligation of the husband for the support and maintenance of the petitioner.

Under the separation agreement, the petitioner possessed the right to secure additional alimony in any subsequent year in which the husband's net income exceeded $28,000 per annum. It was apparent from the start that under the agreement the negotiation and payment of adjusted alimony for any year would have to be made the following year and that the amount of the settlement would be determined as a specified sum owed by the husband in respect to the prior year.

Moreover, there existed in the court from and after the date of its granting the decree of absolute divorce the power to require, if necessary to provide satisfactorily for the support of the petitioner, increased payments of alimony, irrespective of the provisions of the separation agreement. *Goldman* v. *Goldman*, 282 N. Y. 296; 26 N. E. (2d) 265. The parties attempted without success to resolve their differences as to alimony for 1941 and 1942 under the provisions of the separation agreement. Had they reached an understanding in respect to these years and paid the $19,000 in question as a result of their negotiations, we are confident that the payments would have been taxable to the petitioner as "periodic" payments under section 22 (k). We base this conclusion on the fact that the separation agreement imposed on the husband an obligation to make "periodic" payments of alimony, including the obligation to make increased payments if such were warranted by his net income in subsequent years. The agreement clearly did not specify a "principal sum" within the meaning of section 22 (k). Cf. *John H. Lee*, 10 T. C. 834.

It is true that petitioner failed in her effort to enforce the separation agreement in the Supreme Court of New York (see *Stoddard* v. *Stoddard*, 227 N. Y. 13; 124 N. E. 91) and obtained increased alimony through a modification of the prior decree of divorce. However, the separation agreement still constituted a valid contract between the parties (*Stoddard* v. *Stoddard*, *supra; Goldman* v. *Goldman, supra*) and was expressly referred to by the court in granting the modification.

In the amended decree, the court increased the total alimony for each of the years 1941, 1942, and 1943 in varying amounts and directed petitioner's husband to pay within a 6-month period the full sum necessary to discharge this liability. Petitioner urges that this sum,

which totaled $19,000 and was specified in the decree, constituted a "principal sum" payable in installments. With this view we can not agree. The term "principal sum" as used in section 22 (k) contemplates a fixed and specified sum of money or property payable to the wife in complete or partial discharge of the husband's obligation to provide for his wife's support and maintenance, as distinct from "periodic" payments made in connection with an obligation indefinite as to time and amount. Not every sum specified in dollars in a divorce decree is to be regarded as a "principal sum" within the meaning of the statute. To so regard it would mean that every additional sum awarded to increase a wife's alimony for a definite year would make that amount a principal sum, however insignificant it might be. The fact that Congress provided that a principal sum would not be taxed to the wife unless the discharge of this obligation extended over ten years makes clear that minor adjustments such as are present here were not to be regarded as principal sums, payable in installments. In the instant case, the award of $19,000 represented no new or different obligation of the husband, nor was it imposed in respect to any right of the wife arising from the divorce other than the right she acquired under the original decree and separation agreement to adequate "periodic" payments of alimony. In short, the $19,000 represented merely the aggregate of various amounts of "periodic" alimony determined by the court to be owing by the husband for prior years under the terms of the separation agreement or the obligation imposed by the original decree of divorce. Cf. *Goldman* v. *Goldman, supra.*

In our opinion, the respondent should be sustained in his treatment of the $19,000 as periodic income taxable to petitioner in 1944.

The remaining issue concerns the petitioner's right to deduct, under section 23 (a) (2), the amount of $4,000 expended by her for attorneys' fees incident to securing an increase in her alimony for both prior and future years. The issue presented is one of first impression. The parties have not cited, nor have we been able to discover, any authoritative decision covering the precise point involved.

Section 23 (a) (2) [2] was added to the Internal Revenue Code by section 121 (a) of the Revenue Act of 1942. It provides for a class of nonbusiness deductions coextensive with the business deductions allowed by section 23 (a) (1) and, except for the requirement that it be incurred in connection with a trade or business, a nonbusiness de-

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

 *     *     *     *     *     *     *

(2) NONTRADE OR NONBUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

duction is subject to all the restrictions and limitations that apply to a deduction under section 23 (a) (1), including section 24, which expressly prohibits the deduction of personal, living, or family expenses. *Bingham's Trust* v. *Commissioner*, 325 U. S. 365; *McDonald* v. *Commissioner*, 323 U. S. 57; *Hyman Y. Josephs*, 8 T. C. 583; reversed on other grounds, 168 Fed. (2d) 233; Regulations 111, sec. 29.23 (a)– 15 (*b*). To be deductible under section 23 (a) (2), expenses must be ordinary and necessary, reasonable in amount, and must bear a reasonable and proximate relation to the production or collection of income, or for the management, conservation or maintenance of property held for the production of income.

Section 22 (k) was enacted into the Internal Revenue Code as section 120 (a) of the Revenue Act of 1942 and, generally speaking, it requires the inclusion of "periodic payments" of alimony received subsequent to a decree of divorce or separation in the gross income of the wife. Prior to 1942, alimony received by a divorced wife was not regarded as taxable income. *Princess Lida*, 37 B. T. A. 41; *Maud H. Bush*, 33 B. T. A. 628; *Gould* v. *Gould*, 245 U. S. 151.

Petitioner's contention is that the $4,000 expended by her for legal expense in 1944 resulted in the collection and production of income in the form of increased alimony under section 22 (k) and, therefore, it is deductible as nonbusiness expense within the meaning of section 23 (a) (2). On the other hand, the respondent argues that such expense arose out of the marital relationship existing between the petitioner and her husband and, therefore, constituted purely personal and family expenses, the deduction of which is expressly prohibited by section 24 (a) (1) of the code.[3]

The legislative intent underlying the enactment of section 23 (a) (2) appears from the following explanation contained in the report of the Committee on Ways and Means (H. Rept. No. 2333, 77th Cong., 1st sess., p. 46) :

The existing law allows taxpayers to deduct expenses incurred in connection with a trade or business. Due partly to the inadequacy of the statute and partly to court decisions, nontrade or nonbusiness expenses are not deductible, although nontrade or nonbusiness income is fully subject to tax. The bill corrects this inequity by allowing all of the ordinary and necessary expenses paid or incurred for the production or collection of income or for the management, conservation or maintenance of property held for the production of income. Thus, whether or not the expense is in connection with the taxpayer's trade or business, if it is expended in the pursuit of income or in connection with property held for the production of income, it is allowable.

---

[3] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x).

The above language indicates that Congress intended to broaden existing law and thereafter permit the deduction of ordinary and necessary expense incurred in pursuit of income subject to Federal tax, whether or not the expense was incurred in connection with the taxpayer's trade or business. From our examination of the legislative history of sections 23 (a) (2) and 22 (k), we have nowhere been able to discover that Congress intended to exclude from "income" within the meaning of section 23 (a) (2) periodic payments of alimony which it was for the first time defining and taxing as "income" under section 22 (k).

Nor does the following language of Regulations 111, section 29.23 (a)–15, promulgated by the Commissioner pursuant to section 23 (a) (2), support such a conclusion. It reads in part as follows:

SEC. 29.23 (a)–15. *Nontrade or Nonbusiness Expenses.*—(a) *In general.*— Subject to the qualifications and limitations in chapter 1 and particularly in section 24, an expense may be deducted under section 23 (a) (2) only upon the condition that:

(1) it has been paid or incurred by the taxpayer during the taxable year (i) for the production or collection *of income which, if and when realized, will be required to be included in income for Federal income tax purposes,* or (ii) for the management, conservation, or maintenance of property held for the production of such income; and

(2) it is an ordinary and necessary expense for either or both of the purposes stated in (1) above. [Italics supplied.]

In our opinion, the only reasonable conclusion that may be drawn from the expressed intention of Congress in incorporating section 23 (a) (2) into the revenue laws and the Commissioner's regulations is that alimony which is taxable as income to a divorced or legally separated wife under section 22 (k) constitutes "income" for the purposes of section 23 (a) (2).

In the instant case, we have held that the $19,000 received by the petitioner in 1944 as increased alimony for prior years constituted periodic payments of alimony and was includible in her income for that year under the provisions of secti n 22 (k). The parties are also in agreement that the awards of increased alimony from and after July 1944 are also periodic payments of alimony and, as such, are taxable as income to the petitioner. Thus, all of the alimony which was or will be paid to the petitioner as a result of the legal action in which she incurred the expense sought to be deducted is includible in her income for Federal tax purposes. Therefore, the remaining question for consideration is whether the legal expenses were ordinary and necessary for the production or the collection of such income.

In the instant case, the petitioner was clearly entitled to increased payments of alimony for 1941, 1942, and 1943, and during those years she attempted without success to reach a satisfactory understanding

with her husband. There is no reason to believe that the petitioner could have obtained the additional alimony to which she was entitled by any means other than retaining counsel and instituting suit to obtain a modification of the prior decree of divorce. Therefore, in our opinion, the legal expense incurred and paid by petitioner incident to the action was "necessary" for the production and collection of income within the meaning of the statute. We believe that it was also "ordinary." Petitioner's recourse to the courts certainly was not a unique procedure, but, on the contrary, was the appropriate means of securing additional alimony, and oftentimes it is the only possible means. *Welch* v. *Helvering*, 290 U. S. 111. Considering the complexity of the suit and the amount of the awards of alimony, the fees paid to her lawyers also appear to have been reasonable.

Therefore, it is our conclusion that the $4,000 paid by the petitioner in 1944 as attorneys' fees in connection with securing increased alimony constitutes ordinary and necessary expense incurred for the production or collection of income within the meaning of section 23 (a) (2).

Under the facts of the instant case, it is unnecessary to discuss at length respondent's argument that the lawyers' fees in question were personal and family expenses within the meaning of section 24 (a) (1). The cases relied on by the Commissioner on brief and in I. T. 3856, 1947-1 C. B. 23, are distinguishable either on the facts presented or by the circumstance that neither section 23 (a) (2) nor section 22 (k) was part of the revenue laws when the cases were decided. Cf. *David G. Joyce*, 3 B. T. A. 393; *Henry Sanderson*, 23 B. T. A. 304; affd., 63 Fed. (2d) 268; *Fred S. Markham*, 39 B. T. A. 465; *Ralph D. Hubbart*, 4 T. C. 121; *Mildred A. O'Connor*, 6 T. C. 323. Moreover, the evidence shows that the legal expense incurred by the petitioner herein was solely for the purpose of producing or collecting increased alimony for past and future years and was in no respect paid in connection with the personal marital difficulties of petitioner and her husband, which had been settled by separation and divorce over three years before the suit in question was commenced by the petitioner. Nor do the facts herein require a consideration of the question of whether it would be necessary to allocate such expenses where part of the alimony received does not constitute taxable income to the wife under section 22 (k), or where the alimony is obtained in the same action with a divorce or legal separation.

To permit a recomputation of the petitioner's tax liability in accordance with our opinion herein,

*Decision will be entered under Rule 50.*

Reviewed by the Court.

MURDOCK, *J.*, dissenting: Sections 23 (u) and 22 (k) were enacted in order to require a divorced wife to report amounts received by her periodically, and to allow the divorced husband, who made the periodic payments, to deduct them. Here, amounts which the husband might have paid periodically over several years were not paid in that manner, but, instead, he actually paid them as a lump sum, pursuant to the decree of the court. Neither justice nor the purpose for which these provisions were enacted would justify allowing the husband to deduct the $19,000 paid in 1944 or require the petitioner to include that amount in her income. If the husband could have stalled off the wife long enough, he could have paid her the entire amount at one time and gotten a deduction for it under the reasoning of the majority, while the wife would have been forced to pay the high taxes on the lump sum, results which Congress never intended.