ESTATE OF SARAH L. NARISCHKINE, DECEASED, WILLIAM C. BREED AND CENTRAL HANOVER BANK AND TRUST COMPANY, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20115.    Promulgated June 12, 1950.

*George R. Sherriff, Esq.*, and *George V. Mahoney, Esq.*, for the petitioners.

*Michael Waris, Jr., Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge*: The novel, if narrow, issue for decision here is whether the estate of the deceased divorced wife must include in its gross income an amount received as arrearages of periodic alimony payments due her.

Section 126 (a) (1) (A) of the Internal Revenue Code provides:

SEC. 126. INCOME IN RESPECT OF DECEDENTS.

(a) INCLUSION IN GROSS INCOME.—

(1) * * * items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of:

(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent.

There is no question but that petitioners acquired the right to receive the payments here involved from the decedent. The only question then is whether the amount so received was "an item of gross income in respect of a decedent."

Petitioners on brief have not argued the point of whether the arrearages constituted a "principal sum" or "periodic" payment. Had the deceased wife received the arrearages prior to her death, they would have constituted taxable income to her if characterized as periodic payments, but would not have been taxed to her if characterized as a lump or principal sum payment. Sec. 22 (k), I. R. C.[1] To dispel any doubts about the grounds for petitioners' claim, we sustain the respondent's position that arrearages retain their original character. Since the arrears here would have constituted periodic payments had they been paid when due, the receipt of such arrears, even though in a lump

---

[1] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *.

or aggregate sum, must be regarded as the receipt of a periodic payment. An example in respondent's regulations[2] indicates that this view has been consistently followed by the Commissioner. It finds inferential support in the statute, which expressly declares that payments may still be periodic even though they are not made at regular intervals. Sec. 22 (k), *supra*. Furthermore, our own decision in *Elsie B. Gale*, 13 T. C. 661, on appeal to the Circuit Court of Appeals for the Second Circuit, treated increased alimony payments for prior years as periodic payments, even though the entire amount was paid in the taxable year.

The gravamen of petitioner's argument appears to be that alimony can constitute taxable income only when it is placed in the hands of the wife or is unqualifiedly subject to her demand, and, conversely, that when alimony is received by anyone else, as by petitioners here, it constitutes nontaxable income. In support of this argument petitioners stress the word "received" in the language of section 22 (k) — "periodic payments * * * *received* * * * shall be includible in the gross income of such wife * * *." (Emphasis added.) We do not agree with petitioners' narrow construction of "received." The use of "received" in the statute in our opinion includes the *right* to receive such payments. The legislative history of the statute bears out our interpretation:

\* \* \* \* \* \* \*

These amendments are intended to treat such payments as income to the spouse actually receiving or *actually entitled to receive them* * * *. [Emphasis added.] S. Rept. No. 1631, 77th Cong., 2d sess. (1942-2 C. B. 504, 568).

The decedent here actually received for the years 1934 until her death in 1944 $7,500 of the $15,000 annual periodic payments due her under the divorce decree. She had a judicially enforceable right to receive the remaining $7,500 per annum owing to her. Upon her failure to exercise this right, it passed at her death to her estate, the petitioners herein. Petitioners proceeded to enforce this right and collected the arrears in full in 1946. Since the receipt of the arrears would have

---

[2] [Regulations 111, sec. 29.22 (k)–1, in part.]

*Example (3).* Under the terms of a separation agreement incident to divorce granted in December 1941, H agrees to pay W $500 on the 1st day of each month, beginning with the month after the decree, for 12 years. W makes her income tax returns on the calendar year basis while H makes his returns on the basis of the fiscal year ending June 30. H makes the promised payments in 1942 and, in addition, on December 31, 1942, pays W $1,500 as an advance payment of installments for the next three months. In the calendar year 1943, H makes no payments at all because of financial straits. On January 1, 1944, H inherits $15,000, which he immediately pays to W in satisfaction of not only his back alimony installments for the last 9 months of 1943 but also his alimony installments for the next 21 months. The results as to H and W are as follows:

*As to W:* In the calendar year 1942, W received $7,500. Since 10 percent of $72,000 (the principal sum) is $7,200, only $7,200 of the $7,500 so received is includible in her income for 1942. For 1943, nothing is includible in her income under section 22 (k). In 1944, W received $15,000. *Of this amount $4,500 is in payment of back installments and, therefore, is includible without limitation in her income for 1944.* Of the balance of $10,500, only $7,200 is includible in her income for 1944. [Emphasis added.]

constituted taxable income had the decedent collected same immediately prior to her death, we can perceive no logical reason why the right to receive such arrears does not constitute "an item of gross income in respect of a decedent" which is properly taxable under section 126, *supra*, to the petitioners, who succeeded to and exercised this right. In *Estate of Edgar V. O'Daniel*, 10 T. C. 631; affd., 173 Fed. (2d) 966, we held that a bonus which was not determined or ascertained for a decedent until several months after his death was properly taxable, under section 126, *supra*, to his estate, which received the bonus. In the *O'Daniel* case the decedent did not even possess a legally enforceable right to receive the income in question; yet his estate's acquisition of the right to receive such income was held properly taxable within the purpose and meaning of section 126, *supra*. Here the petitioners acquired from the decedent a right to receive income which was income to which the decedent possessed a judicially enforceable right.

Although the right to receive the alimony arrears was included in the decedent's gross estate for estate tax purposes, section 126 (c) (1) of the Code [3] permits a deduction from petitioners' income tax for that portion of the estate tax which is attributable to the inclusion of such right in the decedent's estate. Respondent has made allowance for this deduction in his computation of the deficiency.

For the reasons above stated, the respondent's determination is approved.

Reviewed by the.Court.

*Decision will be entered for the respondent.*

MURDOCK, *J.*, dissents for reasons stated in his dissent in the case of *Elsie B. Gale, supra*.

---

[3] SEC. 126. INCOME IN RESPECT OF DECEDENTS.

\*        \*        \*        \*        \*        \*        \*

(c) DEDUCTION FOR ESTATE TAX.—

(1) ALLOWANCE OF DEDUCTION.—A person who includes an amount in gross income under subsection (a) shall be allowed, for the same taxable year, as a deduction an amount which bears the same ratio to the estate tax attributable to the net value for estate tax purposes of all the items described in subsection (a) (1) as the value for estate tax purposes of the items of gross income or portions thereof in respect of which such person included the amount in gross income (or the amount included in gross income, whichever is lower) bears to the value for estate tax purposes of all the items described in subsection (a) (1).