JANE C. GRANT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF HAROLD W. ROSS, DECEASED, JULIUS B. BAER AND MILTON GREENSTEIN, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36116, 36148. Promulgated September 16, 1952.

*John P. Allison, Esq.*, for the petitioner in Docket No. 36116; *Samuel A. Dyckman, Esq.*, for the petitioners in Docket No. 36148.

*S. Jarvin Levison, Esq.*, for the respondent.

1016

OPINION.

BLACK, *Judge:* As has been disclosed in our preliminary statement, the Commissioner has determined that the $10,720 which Grant received in 1946 from her husband, Harold W. Ross, constituted taxable income to her under the provisions of section 22 (k) of the Code. Notwithstanding the foregoing determination, the Commissioner has also determined that as to Harold W. Ross the $10,720 payment made by him to Grant in 1946 was not deductible under section 23 (u) of the Code. The Commissioner concedes that one or the other of his determinations is wrong and that both of them cannot stand. The applicable sections of the Code are printed in the margin.[1]

Petitioner Grant states the issue in her case as follows:

The sole issue is the taxability, under § 22 (k) of the Internal Revenue Code, of a lump sum of $10,720 received in 1946 by petitioner Jane C. Grant from Harold W. Ross, from whom she had been divorced seventeen years previously.

In support of her contention that the issue should be decided in her favor she urges:

I. The $10,720 received by Grant from Ross in 1946 was not a "periodic" payment.

II. The $10,720 received by Grant from Ross in 1946 was not made under the divorce decree or under a written instrument incident to such divorce.

Petitioner, the estate of Harold W. Ross, deceased, states the issue in its case as follows:

Did the aggregate amount of $10,720 which was paid by Ross in 1946 to his divorced wife Grant under a written instrument constitute periodic payments in discharge of a legal obligation which, because of the marital relationship, was incurred by Ross under a written instrument incident to a divorce?

Petitioner, the estate of Ross, contends that under the facts which have been stipulated this question must be answered in the affirmative.

We shall 'first take up the question as to whether the payment in 1946 of $10,720 by Ross to his divorced wife Grant was made pursuant

---

[1] SEC. 22. GROSS INCOME.

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

 * * * * * *

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any payment is, under section 22 (k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection.

to a written instrument incident to divorce within the meaning of section 22 (k). Concededly, the payment was not made in pursuance of the decree of divorce because the decree of divorce made no mention of alimony. Of course, if the separation agreement executed by Ross and Grant in April 1929 was not "incident" to a divorce, then the payments made by Ross under the provisions of such agreement are not deductible by him under section 23 (u) and are not taxable to Grant under 22 (k), even though periodically made. An agreement may be incident to a divorce though no reference to the divorce is incorporated therein.

In *Bertram G. Zilmer*, 16 T. C. 365, a separation agreement was held to be incident to divorce where divorce was not mentioned in the agreement on the advice of counsel that it might cause a charge of collusion. It is well to note in that case that an action for divorce was not started until a year and one-half after the agreement. Here the action for divorce was started after a period of 35 days following the separation agreement. It is now well settled that an agreement may be incident to a divorce even though the decree is silent on the subject of alimony and fails to incorporate specifically the separation agreement or even to refer to it. *Izrastzoff* v. *Commissioner*, 193 F. 2d 625, affirming 15 T. C. 573; *Jessie L. Fry*, 13 T. C. 658; *George T. Brady*, 10 T. C. 1192; *Robert Wood Johnson*, 10 T. C. 647; *Tuckie G. Hesse*, 7 T. C. 700. It is equally well settled, we think, that a mutually coexistent intent for divorce upon execution of the agreement is not a requirement for inclusion by the wife and deduction by the husband under Code section 22 (k) and section 23 (u). In *Izrastzoff* v. *Commissioner*, *supra*, the court states:

* * * Legislative emphasis upon a mutually coexistent intent for divorce is not to be assumed in the absence of an expressed requirement, particularly in view of the well understood danger that an appearance of collusion between the parties might prevent divorce in many jurisdictions. Such legislative history as is available stresses only the manifest fairness of charge to the wife and deduction by the husband of payments not only for alimony, but also for separate maintenance provisions "in the nature of or in lieu of alimony or an allowance for support." * * *

We hold that the separation agreement executed by Ross and Grant in April 1929, followed by the institution of an action for divorce 35 days thereafter, was incident to a divorce. Cf. *Mahana* v. *United States*, 88 F. Supp. 285.

Our next inquiry is, was the $10,720 received by Grant from Ross in 1946 "periodic payments (whether or not made at regular intervals)" within the meaning of section 22 (k), I. R. C.? Respondent contends that under the stipulated facts that question must be answered in the negative. If respondent is correct in that contention,

then our decision must be that the $10,720 in question is not taxable to Grant under section 22 (k), and is not deductible by Ross under section 23 (u). We think the question as to whether the $10,720 payment here in question was a periodic payment within the meaning of the statute depends largely upon whether the original payments to be made by Ross to Grant under the separation agreement of April 1929 were periodic payments within the meaning of the statute. We think they were.

The separation agreement required Ross to transfer to his divorced wife certain specified securities. If the dividends on these securities failed to yield $10,000 in any one year, Ross agreed to make good the difference between the actual dividend yield and $10,000, annually. The payments required were "periodic payments" covered by section 22 (k) as they were conditioned on specified objective standards. In *Mahana* v. *United States, supra,* the Court of Claims ruled on the specific point holding that income paid by a husband to make up a deficit in the required annual yield of certain trusts was taxable to the divorced wife under section 22 (k) as periodic payments. It is clear that the payment of $10,720 by Ross to Grant in 1946 constituted accrued arrearages of periodic alimony which Ross owed to Grant and meets the requirements of the statute.

In 1946, because of a change in circumstances, both parties having remarried, Grant, in an agreement dated May 13, 1946, released Ross of all future alimony payments. It was specifically stipulated in that agreement that Ross was not to be released from any liability as to arrearages of alimony then due and owing. The first paragraph released Ross of any further obligations except as expressly provided in paragraph 7. This latter paragraph provides:

7. Ross agrees upon the execution of this instrument to pay to Jane Grant the sum of Ten thousand seven hundred and twenty ($10,720.) Dollars, the amount due and owing to her up to January 1, 1946 pursuant to the separation settlement agreement dated April 1, 1929 * * *.

The sum of $10,720 was agreed upon by both parties as the correct arrearage figure after a computation of all the accumulated arrearages under the 1929 agreement. The amount constitutes the total arrearage of the difference between the dividend yield and $10,000 annually over several years up to 1946, in the exact sum, no more, no less. It is obvious that under this 1946 agreement Ross did not resume nor assume any obligation of which he had been previously relieved. Nor can the payments be considered a "lump sum settlement" as no new liability was created by such agreement. The sum of $10,720 paid by Ross in 1946 to his former wife pursuant to the separation agreement constituted the aggregate of the required periodic payments. Since arrears constitute periodic payments if paid when due, receipts of

such arrearages in a lump sum are regarded as receipt of periodic payment. *Elsie B. Gale*, 13 T. C. 661, affd. (C. A. 2) 191 F. 2d 79; *Estate of Sarah L. Narischkine*, 14 T. C. 1128, affd. (C. A. 2) 189 F. 2d 257. In *Estate of Sarah L. Narischkine*, *supra*, we said:

> Petitioners on brief have not argued the point of whether the arrearages constituted a "principal sum" or "periodic" payment. Had the deceased wife received the arrearages prior to her death, they would have constituted taxable income to her if characterized as periodic payments, but would not have been taxed to her if characterized as a lump or principal sum payment. Sec. 22 (k), I. R. C. To dispel any doubts about the grounds for petitioners' claim, we sustain the respondent's position that arrearages retain their *original* character. Since the arrears here would have constituted periodic payments had they been paid when due, the receipt of such arrears, even though in a lump or aggregate sum, must be regarded as the receipt of a periodic payment. * * * Furthermore, our own decision in *Elsie B. Gale*, 13 T. C. 661, * * * treated increased alimony payments for prior years as periodic payments, even though the entire amount was paid in the taxable year. [Emphasis added.]

We think it is clear that under the rationale of the *Narischkine* and *Gale* cases, both *supra*, the payment made by Ross to Grant of $10,720 in 1946 was a "periodic" payment within the meaning of the statute. We so hold.

What we have decided above means that the $10,720 in question is taxable income to petitioner Grant under the provisions of section 22 (k), I. R. C., and it represents a deductible item to petitioner, estate of Harold W. Ross, under section 23 (u), I. R. C.

*Decisions will be entered under Rule 50.*