OPINION. TtxrneR, Judge: Under section 23 (u) of the Internal Revenue Code,[1] it is provided that amounts which are includible, under section 22 (k), in the gross income of the wife, are deductible by the husband in computing his net income, and in section 22 (k) of the Code,[2] it is provided that periodic payments received by a wife, under a decree of divorce or a written instrument incident to the divorce and in discharge of a legal obligation which, because of the marital or family relationship, is imposed upon the husband by such decree or written instrument, shall be includible in the gross income of the wife. It is the claim of the petitioner that the $12,500 payment made upon the granting of the divorce decree meets the requirements of the above sections, and is deductible by him in computing his taxable net income for 1947, the year of the payment. Deductions from gross income are matters of legislative grace, and payments claimed as deductions must fall squarely within the statutory provisions under which the deductions are claimed. That the initial payment of $12,500 to Marguerite, upon her procurement of the decree of divorce, was in fact made under a written instrument incident to the divorce is clearly and definitely established, and it is not necessary, under the statute, that the settlement agreement must have been incorporated or mentioned in the decree. Jane C. Grant, 18 T. C. 1013; Margaret C. Izrastzoff 15 T. C. 573, affd. 193 F. 2d 625; Jessie L. Fry, 13 T. C. 658; George T. Brady, 10 T. C. 1192; Robert Wood Johnson, 10 T. C. 647; and Tuckie G. Hesse, 7 T. C. 700. In addition, however, the payment must have been one of a series of “periodic payments” within the meaning of the statute. The petitioner argues that as used in the settlement agreement the word “periodically” refers to the $12,500 payment which was to be made “immediately after the granting” of the divorce, as well as the annual payments of $3,000 each beginning in January of 1949, and that the payment in question was thus one of the periodic payments and deductible as such. The argument begs the question. A payment must meet the test of the statute on the allover facts, and the use of the word “periodically” is of no consequence if it does not. As an indication that the answer may not be so simply derived, the counsel themselves, both being aware of the Federal income tax aspect of the settlement, gave wholly contradictory interpretations of the said payment to their clients, the petitioner’s counsel advising him that, under the statute, the said payment was includible in Marguerite’s income and deductible by him, in computing his net income, and Marguerite’s counsel advising her that, under the statute, the $12,500 payment at the time of the divorce, unlike the annual payments of $3,000 each, which were to begin in January of 1949, was not taxable income to her. The evidence shows, and we have found, that the sum of $12,500 was in fact made up of three items. Of that amount, $3,000 was to be paid for the same purpose as the annually recurring payments of $3,000, which were stated to begin in January of 1949; $2,500 was to pay for the services of Marguerite’s attorneys in negotiating the settlement agreement and procuring the divorce; while the remainder was an added nonrecurring sum, paid by petitioner to cover medical, surgical, and nursing expenses for which Marguerite had made herself liable, or anticipated in 1948. Such being the facts, $3,000 of the amount paid was one of the series of admitted periodic payments of $3,000 each incurred by the petitioner because of the marital or family relationship, and being such, is includible in Marguerite’s taxable income and is deductible by petitioner. The $2,500 paid to cover the services of Marguerite’s attorneys was not a periodic payment, under the statute. Amounts paid by a husband to cover the wife’s attorney fee is a lump-sum payment for a definite nonrecurring purpose, and is not income to her and not, therefore, deductible by the husband. Arthur B. Baer, 16 T. C. 1418, affd. 196 F. 2d 646. Petitioner’s agreement to pay the remainder of the initial amount appears to have been the result of a visit by Marguerite at his separate residence during the period of their separation prior to the divorce. In the course of their married life she had told him that previously she had required considerable medical and surgical attention, including several operations, one of which was for cancer. At the time of her visit at his separate residence she stated that she was not feeling well, and would require nursing and medical attention. The payment which resulted was a lump-sum, nonrecurring payment to cover the medical, surgical, and nursing fees for which Marguerite had made herself liable, or for which she would become liable in 1948, and does not meet the statutory test of a periodic payment. It was not, therefore, income to Marguerite and deductible by petitioner on his return. Ralph Norton, 16 T. C. 1216, affd. 192 F. 2d 960; Arthur B. Baer, supra; and Lemuel Alexander Carmichael, 14 T. C. 1356, 1366. The remaining question is as to the deductibility of the $50 and $75 fees paid by petitioner to the St. Louis Union Trust Company in December 1947 under the guaranty agreement. It is the claim of the petitioner that the payments in question fall within the provisions of section 23 (a) (2) of the Code, which provides for the deduction, in the case of an individual, of all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. The petitioner argues that the fees were paid under the guaranty agreement for safeguarding, conserving, and maintaining securities of the petitioner, from which he was deriving a substantial income, and that under the reasoning of the Supreme Court of the United States, in Bingham's Trust v. Commissioner, 325 U. S. 365, they are deductible as claimed. The petitioner’s position, in our opinion, is not well taken. The guaranty agreement, which provided for the payments in question, rather plainly shows that the fees were paid by petitioner to the trust company for its handling of the payments to his divorced wife, as required under the settlement agreement. According to the agreement, the securities remained registered in the petitioner’s name and all of the income was payable directly to him. He had the right to take them down as he saw fit, provided other securities having a market value of at least $50,000 was substituted therefor. They were being held by the trust company for the protection of petitioner’s divorced wife and to assure the payment to her of the alimony payments of $3,000 a year. The function served was in no way comparable to that covered by and dealt with in Bingham's Trust v. Commissioner, supra, cited and relied oh by petitioner. Any preservation or conservation of income-producing properties which may have resulted was purely coincidental. It was not for that that the fees were paid. We accordingly conclude and hold that the respondent did not err in failing to allow the deduction claimed. Decision will he entered under Rule 50. SEC. 23. DEDUCTIONS FROM GROSS INCOME. (и) Alimony, Etc., Payments. — In the ease of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband’s taxable year. If the amount of any such payment is, under section 22 (k), or section 171, stated to be not includible in such husband’s gross income, no deduction shall be allowed with respect to such payment under this subsection. SEC. 22. GROSS INCOME. (к) Alimony, Etc., Income. — In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not' be includible in the gross income of such husband. * * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection : except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from, the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum. * • *