**STEWART v. ROTHENSIES et al.**

Civ. A. No. 12880.

United States District Court
E. D. Pennsylvania.

Aug. 19, 1953.

Francis Hopkinson, Philadelphia, Pa., for plaintiff.

Joseph G. Hildenberger, U. S. Atty., William Thompson, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

GANEY, District Judge.

In the action here concerned, the taxpayer seeks to recover $5,632.80 claimed to have been erroneously overpaid by her as a portion of her income taxes for the years 1943 and 1944. The question presented by defendants' motion for summary judgment is whether payments made to the taxpayer by her former husband under a written separation agreement were to be included in her gross income for the years in question on the ground that such sep-

aration agreement was incident to divorce within the meaning of § 22(k) of the Internal Revenue Code, 26 U.S.C.A. § 22(k).

The motion is predicated on the following undisputed facts: In 1924, the taxpayer was married at the age of eighteen to William R. Stewart. Shortly after her marriage she became ill and required constant medical attention from that time to the present. By the summer of 1927 all matrimonial relations between the taxpayer and her husband had ceased, and they were living separate and apart. On September 11, 1927, they entered into a written agreement of separation in London, England. The agreement recites that the payments made thereunder are for the support and maintenance of Mrs. Stewart for so long as she shall live and remain unremarried. It further provides:

"That if any separation or divorce proceedings should at any time be instituted by either party, no claim shall be made therein for alimony, attorney's fees or other allowances, and that in any such proceeding if instituted none of the terms or provisions of this agreement shall be. questioned or disturbed and that the said agreement shall remain valid and binding upon the parties."

Mrs. Stewart ratified the agreement on reaching her twenty-first birthday on September 17, 1927 and accepted the benefits thereunder in lieu of all other claims for maintenance and support. Less than two months later, the taxpayer instituted divorce proceedings in Paris, France, where she was. then living and obtained a decree of divorce on February 11, 1928. The divorce decree made no reference to the agreement of separation, nor was it considered by the court.

In opposition to defendants' motion, plaintiff claims that at the trial it will produce .evidence tending to show that when the separation agreement was entered into she and her husband were not contemplating a divorce and that the divorce was in no way related to the agreement of separation. On the other hand, defendant asserts that any evidence which plaintiff might tender on the issue would be with-out probative force because the legal effect of the separation agreement, the determination of which is for the court and not the jury to decide, will show that it was "incident" to divorce. Of course, if that is so, plaintiff's offer of evidence would be unnecessary, and defendant is entitled to judgment.

It is settled law, we think, that the expression "incident to * * * divorce" appearing in § 22(k) does not require that there be anticipation or contemplation of divorce by either the husband or wife at the time the separation agreement was entered into. Feinberg v. Commissioner, 3 Cir., 1952, 198 F.2d 260; Lerner v. Commissioner, 2 Cir., 1952, 195 F.2d 296; Commissioner v. Miller, 9 Cir., 1952, 199 F.2d 597.

In the Feinberg case [198 F.2d 263] "the terms of the agreement were to be incorporated in any decree of divorce or legal separation which might later be obtained by either party * * *." In the Lerner case, although the decree of divorce made no reference to any separation agreement or alimony provision, the referee, who had authority to recommend alimony, was aware that the obligation to make periodic payments under a separation agreement survived the divorce decree. While in the Miller case, the separation agreement was submitted for approval, as provided for in the agreement, to the court in which the divorce was obtained.

The decree of divorce, in the action before us, makes no mention of the separation agreement, and there is no evidence that the divorce court was aware of it. It does, however, contain the following notation: "Appoints the President of the Chamber of Notaries in Paris, or such other member of the Corporation as shall be designated by him, for the purpose of effecting the settlement of the respective rights of the parties." This notation is a standard provision in the French divorce procedure. There is no compulsion on either party to appear before the designee. By the inclusion of that provision in the decree, the parties are given the privilege of appearing before the designee; they exercise that privilege only when there is occasion for them

to effect a financial or general property settlement, the ultimate terms of which they cannot agree upon, or where no settlement had been provided for and the wife is demanding one, or where she desires to have the court exercise continuing jurisdiction over the subject matter of a private separation agreement in order to insure its enforcement against a husband whose performance thereunder might be doubtful.

The reason why the decree in the action before us is silent concerning periodic payments is obvious. There was no necessity for the parties to appear before a designee; they had come to terms as to property settlement and periodic payments in the separation agreement. In other words, payments under the agreement, which was to survive a divorce, were accepted in lieu of alimony. Under the admitted circumstances of this action, the separation agreement was "incident to" divorce within the meaning of § 22(k) of the Internal Revenue Code.

Accordingly, defendants' motion for summary judgment will be granted.