**Ruth Elizabeth DRAKE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
Feb. 6, 1961.

Aaron M. Diamond, New York City, for plaintiff. Leo Kuperschmid, New York City, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for defendant. William F. Suglia, Asst. U. S. Atty., New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff sues under 28 U.S.C. § 1346 to recover income taxes for the year 1945, and interest, alleged to have been erroneously assessed and collected in the amount of $5,472.03. There are cross-motions for summary judgment pursuant to Rule 56, F.R.Civ.P., 28 U.S.C.A. The facts, which are undisputed, are as follows:

On November 27, 1936 plaintiff entered into a separation agreement with her

husband, Frederic Drake. Under the agreement Drake was to pay plaintiff $8,000 annually in equal monthly payments, except for the first year of the agreement when plaintiff was to receive $6,000. Provision was made for a pro rata reduction of payments in the event Mr. Drake's income declined below $25,000 in any particular year. These payments were "for the wife's support" and in the event of a divorce were to continue "until such time as the wife remarries". The agreement further provided that if the wife should sue for a divorce or separation any provision for support and maintenance "shall be limited to the sums payable under this agreement * * * and the terms of this agreement shall be incorporated in such judgment or decree."

On January 18, 1937 Mrs. Drake procured a divorce in the State of Nevada. The decree recited "that the agreement entered into between the parties under date of November 27, 1936, copy of which has been filed herein * * * be, and the same is, hereby, accepted and adopted".

From time to time Drake failed to make the stipulated payments. Plaintiff brought several actions in the New York courts against him to recover such payments. Judgments were entered in her favor in each for sums in default during the years subsequent to 1939. During 1945 she received a total of $10,685.91 in payment of these judgments. Upon plaintiff's failure to report this amount as income in her return for that year, the Commissioner of Internal Revenue assessed a deficiency in the amount of $4,000.52, plus interest, on the theory that the money received was includable in plaintiff's gross income under Section 22(k) of the Internal Revenue Code of 1939, 26 U.S.C. § 22(k).[1] Plaintiff eventually paid a total of $5,472.03 in satisfaction of the deficiency and interest due thereon.

In 1952 and 1953 plaintiff filed claims for refund and upon rejection of the claims this suit was instituted. The only issue is the applicability of § 22(k) to the money received as a result of the outcome of actions predicated upon the separation agreement. This section has been before the courts frequently and the principles governing its application are well settled.

Plaintiff's complaint alleges that the payments received on account of the New York judgments were repayments of cash advances previously made to her former husband, consideration for release of her equity in an insurance policy and consideration for the release of her former husband's estate. However, her supporting affidavit states that she was compelled to bring these actions as a result of her husband's default "on his obligations under our [the separation] agreement". Thus plaintiff on this motion has abandoned the claim which might have presented an issue of fact, and her sole contention now is that the payments received, though based on the separation agreement, are not within the purview of Section 22(k).

Plaintiff urges that the amounts received were not paid to her under a decree of divorce or under an agreement entered into incident to a divorce upon two grounds: (1) that the separation agreement was entered into before a divorce proceeding was initiated and was not "incorporated" into the divorce decree; (2) that in her successful suits in the New York courts it was held that the

1. "(k) Alimony, etc., income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *"

separation agreement had not been merged in the divorce decree. She claims that those holdings dispose of the issue of whether the payments were made pursuant to a decree or written instrument incident to a divorce in her favor and are binding on this court.

Plaintiff's contentions are without merit. The Nevada decree specifically states that the agreement was before the court and was "accepted and adopted". It cannot seriously be argued that the magic word "incorporated" must be used by a divorce court to bring a separation agreement within the terms of Section 22(k). The agreement itself required that it "shall be incorporated in such [divorce] judgment or decree". It was plainly the intent of the plaintiff and her former husband at the time of the agreement that it was to be in lieu of formal alimony in the event of divorce and was to be placed before the divorce court for formal sanction. The agreement was filed with the Nevada Court. The phrase "accepted and adopted" in its decree cannot reasonably be interpreted to have any less force and effect than the word "incorporated".

■ Even were this not so it is by now well-settled that formal incorporation of the separation agreement into the divorce decree is unnecessary for the purposes of Section 22(k). In Lerner v. Commissioner, 2 Cir., 195 F.2d 296, a separation agreement entered into one year prior to divorce was found to be deductible by the husband and therefore taxable to the wife under Section 22(k), even though the final divorce decree "did not specifically refer to alimony or to a separation agreement". At page 297.

In Newton v. Pedrick, 2 Cir., 212 F.2d 357, the court went farther. There, again, the voluntary separation agreement was not incorporated into the decree; nor did the decree make any provision for alimony or refer to the agreement. Furthermore, new agreements had been entered into by the divorced parties subsequent to the divorce. In finding the original and subsequent agreements within Section 22(k) the court said:

"We think * * * that the phrase 'incident to such divorce' in Section 22(k) should be read as referring to the *status* rather than merely the *decree* of divorce or separation, if the purposes of the statute * * * are to be fully effectuated.

* * * * * *

"The statute covers both obligations 'imposed' by a decree of divorce or separation and those 'incurred' under an agreement incident to a divorce or separation and entered into while the marriage status, and therefore the obligation to support, still existed. It is no longer open to doubt that such an agreement is within the statute even though not incorporated in the decree." At page 361.

Holt v. Commissioner, 2 Cir., 226 F.2d 757, 758, certiorari denied 350 U.S. 982, 76 S.Ct. 468, 100 L.Ed. 850, held that where a legal obligation to support survives the dissolution of the marital relationship and such obligation is evidenced by a written agreement, it is "immaterial whether the husband and the wife or either of them intend that the agreement shall be 'incident to the divorce'". See, also, Feinberg v. Commissioner, 3 Cir., 198 F.2d 260; Smith v. Commissioner, 1 Cir., 192 F.2d 841; Izrastzoff v. Commissioner, 2 Cir., 193 F.2d 625; Stewart v. Rothensies, D.C.E.D.Pa., 114 F. Supp. 497.

The cases discussed establish that payments received under this agreement were incident to the divorce within the meaning of § 22(k). The fact that plaintiff found it necessary to bring suit on the agreement in order to collect the sums due to her in no way alters this conclusion. The judgments were based on the agreement and did not change the basic character of the money plaintiff received for purposes of Section 22(k).

■ Plaintiff also claims that in rendering the judgments under which her husband was compelled to make payment the New York courts held the separation agreement had not been incorporated in the divorce decree, and that this holding

was binding on the Commissioner and this court. Assuming arguendo that the New York courts did so hold, such a holding is not controlling here. The only apposite authority cited by the plaintiff contains language diametrically opposed to plaintiff's position. In Lyeth v. Hoey, 305 U.S. 188, at page 194, 59 S.Ct. 155, at page 158, 83 L.Ed. 119, the court said:

"In dealing with the meaning and application of an act of Congress enacted in the exercise of its plenary power under the Constitution to tax * * * it is the will of Congress which controls, and the expression of its will, in the absence of language evidencing a different purpose, should be interpreted 'so as to give a uniform application to a nationwide scheme of taxation' * *. Congress establishes its own criteria and the state law may control only when the federal taxing act by express language or necessary implication makes its operation dependent upon state law."

"There is no such expression or necessary implication" in the case at bar either.

█ It is settled law in this circuit that tax consequences are not to be resolved by decisions of a state court which bind parties in settlement of legal rights as between themselves. Daine v. Commissioner, 2 Cir., 168 F.2d 449, 4 A.L.R. 2d 248; Grant v. Commissioner, 2 Cir., 209 F.2d 430. See, also, Commissioner of Internal Revenue v. Tower, 327 U.S. 280, at pages 287–288, 66 S.Ct. 532, 90 L.Ed. 670, and Feinberg v. Commissioner, supra.

Accordingly I find that the payments to plaintiff were received by her under a written instrument incident to divorce and were properly includable in her gross income for the years received under Section 22(k). Therefore, plaintiff's motion for summary judgment is denied and defendant's cross-motion for summary judgment is granted. Judgment will be entered accordingly.

It is so ordered.