GEORGE J. FEINBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22898. Promulgated June 29, 1951.

*Philip J. Smith, Esq.,* for the petitioner.
*Graham Loving, Esq.,* for the respondent.

OPINION.

HILL, *Judge:* The issue presented for our decision is whether respondent erred in disallowing deductions of $3,900 each paid by petitioner during the taxable years 1942 and 1943 pursuant to the terms of a separation agreement entered into with his wife on February 10, 1940.

The statutory provisions provide for deduction of the payments to a wife when they are includible in the gross income of the wife under section 22 (k)[1] of the Internal Revenue Code. Section 23 (u) of the Internal Revenue Code. The Florida decree involved herein did not make any provision for alimony payments.

The allowance or disallowance of the claimed deductions turns therefore upon the question of whether or not the payments were imposed upon or incurred by petitioner under a written instrument

---

[1] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In case any such periodic payment is less than the amount specified in the decree or written instrument, for the purpose of applying the preceding sentence, such payment, to the extent of such sum payable for such support, shall be considered a payment for such support. \* \* \*

"incident to" the Florida divorce decree. This is a question of fact in which the petitioner has the burden of proof. *Burnet* v. *Houston*, 283 U. S. 233; cf. *Joseph J. Lerner*, 15 T. C. 379. In affirming *Benjamin B. Cox*, 10 T. C. 955, the Third Circuit pointed out that section 22 (k) "envisages a situation in which the agreement between the husband and wife is part of the package of divorce." *Cox* v. *Commissioner*, 176 F. 2d 226.

The agreement in question herein stated that the party bringing the divorce action "shall be obligated to have incorporated in the final Decree in said action the provisions of this agreement." Yet petitioner, who brought the divorce action in Florida, did not incorporate or have reference made to the provisions of the agreement in the final decree. While it appears that petitioner and his wife had, prior to the execution of the separation considered a possibility that petitioner would seek a divorce "* * * the possibility of divorce at some unspecified time is a far different thing from the anticipation of divorce by both parties at the time of the execution of the separation agreement which the statute requires in order that the payments under the separation agreement be considered 'incident' thereto." *Joseph J. Lerner, supra,* at page 386.

The petitioner has also failed to show, as he alleged, that Anna Feinberg agreed not to contest an action for divorce to be instituted against her by petitioner in the State of Florida or that in consideration for her promise not to contest the Florida divorce proceedings, and as a condition precedent thereto, petitioner agreed to enter a separation agreement under the laws of the State of New York.

Furthermore, events subsequent to the execution of the agreement do not support nor are they consistent with a view that petitioner and his wife were in agreement on the divorce at the time the separation contract was executed. Anna did not have information concerning the specific proceeding involved until after it was instituted in March 1940. When informed of this suit she instructed her attorney to use all means short of an appearance to prevent a decree of divorce. Later, in November 1942, the Supreme Court of New York entered a consent judgment reforming the separation agreement and declaring that Anna Feinberg was still petitioner's true and lawful wife pursuant to the stipulation of the parties dated June 29, 1942. In a subsequent proceeding petitioner, in a counterclaim, contested the latter declaration and his counterclaim was denied.

With respect to the court order of November 17, 1942, since the order is only one for support and specifically decrees that the parties are not divorced, it is clearly not a divorce decree nor a written instrument incident thereto. Nor is it a decree of separate maintenance, as alleged, but merely a reformation, pursuant to stipulation of the parties, of the settlement agreement to which it refers:

ORDERED, ADJUDGED AND DECREED that the separation agreement between GEORGE J. FEINBERG and ANNA FEINBERG entered into on the 10th day of February, 1940 be reformed in accordance with the stipulation of settlement * * *

We find, therefore, on all the facts that the payments of $3,900 each by petitioner during the taxable years 1942 and 1943 were not in discharge of a legal obligation which was imposed upon or incurred by petitioner under a decree of divorce or separate maintenance or under a written instrument incident to such decree within the meaning of section 22 (k) of the Code. It follows that the payments were not deductible by petitioner under section 23 (u) of the Code.

*Decision will be entered for respondent.*