COMMISSIONER OF INTERNAL REVENUE

v.

MOSES.

No. 183, Docket 22925.

United States Court of Appeals, Second Circuit.

Argued May 11, 1954.

Decided Aug. 11, 1954.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Dudley J. Godfrey, Jr., Sp. Assts. to the Atty. Gen., for petitioner.

Barron, Rice & Rockmore, New York City, George P. Halperin, Bernard S. Barron, New York City, of counsel, for respondent.

Before CHASE, Chief Judge, and HINCKS and HARLAN, Circuit Judges.

CHASE, Chief Judge.

The broad question presented is whether payments made to the respondent in the taxable year pursuant to a written separation agreement she had made with her husband, who later obtained a divorce from her, are includible in her gross income under Section 22(k) of the Internal Revenue Code, 26 U.S. C.A. § 22(k). The decisive question is whether this written agreement was "incident to such divorce" within the meaning of that phrase in the statute, since in other respects the applicability of the above mentioned section to make the payments includible in the gross income of the respondent is plain and uncontested.

The respondent was married to Albert Moses on June 29, 1919, and lived with him in New York until October 12, 1943, when he left her, and the next month she brought an action for a legal separation from him in the Supreme Court of Kings County, New York. After trial of that action had commenced, it was halted while the parties attempted to work out a voluntary separation agreement. He wanted the marriage dissolved by divorce but she was adamant against that and his efforts in that regard were abandoned. They desired, however, to continue their efforts to agree upon the terms of a separation and the court proceedings were adjourned to give them further opportunity to do so. During the adjournment, the respondent was advised by her attorney that if she elected to proceed with her court action and was successful in getting a decree of separation and an award of alimony her husband could be punished for contempt if he failed to pay the alimony as decreed, but that such payments would be taxable to her. He also advised her that if she entered into a voluntary separation agreement, the failure of her husband to make any payments for her support which became due under the agreement would not subject him to contempt proceedings nor would any payments he made be taxable to her. She chose to agree on the terms of a voluntary separation which was reduced to writing and executed by her and by her husband on April 4, 1944.

She did not do so in contemplation of any divorce proceedings being instituted either by herself or her husband. The only reference in the agreement to the possibility of a divorce is the following:

"21. The provisions of this agreement, to the extent that they may be acceptable to the court, may be incorporated in the final judgment or decree obtained in any action hereafter brought by either party against the other for a divorce in any court of competent jurisdiction. Notwithstanding such incorporation, the provisions hereof shall not be merged in any such judgment or decree but shall, in all respects, survive the same."

After this agreement was made the action which the respondent had brought in the New York court was discontinued. Her husband, however, brought an action for an absolute divorce from her in a Florida court on September 14, 1944. She then lived in Brooklyn, N. Y., and was given notice of the suit, though not personally served with process, and neither appeared by herself nor by attorney in the Florida suit. Her husband obtained a final decree of absolute divorce from her on October 23, 1944, and was married to another woman the same day. Two of the payments he made to her in 1944 pursuant to their separation agreement were made after this decree was entered. The Tax Court held them not taxable to her.

Were it a condition precedent to the applicability of Section 22(k) to prove that when she made the agreement it was done as part of an understanding with her husband that it would be followed by a suit for a divorce, we should not disagree with the decision of the Tax Court.

But we have held otherwise in Izrastzoff v. Commissioner of Internal Revenue, 2 Cir., 193 F.2d 625 and Lerner v. Commissioner of Internal Revenue, 2 Cir., 195 F.2d 296. See also Newton v. Pedrick, 2 Cir., 212 F.2d 357; Feinberg v. Commissioner of Internal Revenue, 3 Cir., 198 F.2d 260 and Commissioner of Internal Revenue v. Miller, 9 Cir., 199 F.2d 597; Stewart v. Rothensies, D.C., 114 F.Supp. 497.

As in the Lerner case, the issue in the Feinberg case was the right of the former husband to take deductions for payments pursuant to a separation agreement under Section 23(u), 26 U.S.C.A. § 23(u), but the same reasoning is applicable and on the facts the case is so closely in point as to be indistinguishable.

Here the execution of the separation agreement was followed by the husband's Florida divorce within six months. It was by its terms to survive a divorce decree, whether incorporated in it or not, and these provisions make it abundantly clear that the possibility of a divorce was realized by the respondent when she executed the agreement, however much she may have been opposed to having such a thing accomplished. The question of alimony is germane to such a proceeding and where, as here, the provisions of the agreement were apparently a substitute for alimony which was satisfactory to the respondent, since she did not appear in the divorce action and make any attempt to have them increased, the nexus between the agreement and the divorce decree needed to make Section 22(k) applicable is present. What we said in the Lerner case, supra, 195 F.2d at page 298 is equally pertinent here.

"The term 'written instrument incident to such divorce' was designed, we think, only to insure adequate proof of the existence of the obligation when divorce has occurred, * * *. So where the payments obviously take the place of alimony and otherwise satisfy the stringent requirements of I. R. C. § 22(k), although not formally incorporated into the decree, they should not be denied effect under the statute merely because there is no evidence that divorce and settlement were not contemporaneously planned and carried out."

Decision reversed and cause remanded.