Mary Macfadden v. Commissioner.
MacFadden v. Commissioner
Docket No. 41202.
United States Tax Court
T.C. Memo 1956-287; 1956 Tax Ct. Memo LEXIS 6; 15 T.C.M. (CCH) 1494; T.C.M. (RIA) 56287; December 31, 1956
*6 Alimony: Section 22(k), I.R.C. 1939. - Petitioner and her husband entered into a separation agreement in 1932 calling for the establishment by the husband of an irrevocable trust with payments thereunder to be made in lieu of alimony. The husband began divorce proceedings in 1933 which ended in no divorce. He obtained a divorce in 1946 in different proceedings begun in 1943. The agreement was mentioned in the divorce proceedings and, though not specifically adopted in the decree, it was inferentially approved. Held, the separation agreement was incident to divorce, and payments thereunder subsequent to divorce were taxable to the wife. Limitations: Section 275(c), I.R.C. 1939. - The payments above referred to totalling $15,000 per annum were omitted from gross income by the wife in her returns for 1946 and 1947. They constituted more than 25 per centum of the gross income reported and were properly includable in gross income. Held, the five-year statute of limitations provided for in section 275(c) is applicable. Sidney A. Gutkin, Esq., for the petitioner. John J. Hopkins, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in income taxes of the petitioner as follows: 1946
$6,553.27
1947
6,446.77
1948
5,113.87
1949
5,288.58
1950
5,439.59
By amended answer and amendments thereto the Commissioner raised affirmative issues and increased the original deficiencies. An affirmative issue with respect to unreported trust income for 1946 has been conceded by the Commissioner. The issues for decision are (1) whether certain payments or benefits received by petitioner after divorce are taxable to her either as alimony under section 22(k) of the Internal Revenue Code of 1939 or section 171(a) of the Internal Revenue Code of 1939, and (2) whether petitioner omitted from gross income as reported for the years 1946 and 1947 *8 an amount properly includable therein which is in excess of 25 per centum of the amount reported so as to make applicable the five-year statute of limitations under section 275(c), Internal Revenue Code of 1939. Findings of Fact Some of the facts are stipulated, are so found, and the stipulation and the exhibits referred to therein are incorporated by reference. Petitioner is an individual residing in Englewood, New Jersey. Her income tax returns for the taxable years were filed on a cash basis with the collector of internal revenue for the fifth district of New Jersey. Petitioner and Bernarr Macfadden were married in 1913. They lived together as man and wife until April 7, 1932 on which date they entered into a separation agreement. The agreement stated that the parties agreed to live separate and apart and that it was their intention to make suitable provision for the support and maintenance of petitioner during her life in lieu of alimony. Support and maintenance was to be provided by the establishment of an irrevocable trust by Bernarr. In this respect the agreement provided in part as follows: "Simultaneously herewith the party of the first part [Bernarr Macfadden] *9 agrees to execute an irrevocable deed of trust providing for the following: "(a) The transfer to the City Bank Farmers Trust Company, as Trustee, of 2500 shares of the preferred stock of Macfadden Publications, Inc.
"(b) The payment of the income of the said trust fund by the said Trustee to the party of the second part, [Mary Macfadden] the beneficiary thereunder, during her lifetime, for her sole use and benefit, less a sum therefrom equal to three-tenths of the cost of the up-keep, expense, maintenance and support, including rent and/or carrying charges of a home to be provided by the party of the first part for the party of the second part and their children, which said sum is to be deducted by the Trustee for the periods when the said home is used by the party of the second part, "The provision herein made for the support and maintenance of the party of the second part is hereby expressly agreed to be in lieu of all alimony or suit money and the party of the second part expressly covenants and agrees to receive the said income from said trust in lieu of any such alimony or suit money, and hereby expressly covenants and agrees that so long as the conditions of this agreement *10 are complied with by the party of the first part, she will not make any claim for alimony, counsel fee, or suit money, either for herself or for the children of the said marriage, in any action for divorce which she may commence against the party of the first part. It is understood and agreed by the party of the first part that if the trust to be hereafter created by him as aforesaid, shall not yield a minimum income of Fifteen Thousand ($15,000.00) Dollars per annum to the party of the second part, he will then be personally liable to the party of the second part for any deficiency, except as hereinafter provided. * * *
"The obligation to supply a home as hereinbefore provided shall be discharged by the party of the first part in any of the following ways: "(a) By permitting the party of the second part and the children of the parties hereto to use the home in Englewood, New Jersey;" The trust was established as agreed. In 1933 petitioner brought suit to enforce payments due under the separation agreement. Bernarr, by way of countersuit, instituted divorce proceedings against petitioner. These proceedings did not result in divorce. Bernarr filed suit for divorce from *11 petitioner in Florida on January 27, 1943. Petitioner entered her appearance in the suit. The second amended bill of complaint therein recited "that at the time of the final separation of the parties hereto the plaintiff created a trust fund for the support and maintenance of his wife during her lifetime." This recitation was admitted in the defendant's answer. In the Special Master's report filed in the proceeding it was noted that Bernarr had provided for Mary pursuant to the separation agreement. On January 9, 1946, Bernarr was granted a final decree of divorce in the Florida proceeding. The decree contained the following provision: "It appearing that support of the wife having been adequately provided for by separate agreement, no adjudication thereon is made but jurisdiction is retained to be exercised in event that subsequent developments justify further or other relief in respect thereto." Pursuant to the separation agreement and the trust established pursuant thereto the trustee realized trust income together with supplementary payments from Bernarr and made distributions thereof to or for the benefit of petitioner as follows: Income balance at beginning of year: 1946
$134.68
1947
1948
1949
1950
67.50
*12 Distributable Trust Income: 1946
$13,030.64
1947
13,002.82
1948
11,954.60
1949
12,060.36
1950
10,929.20
Supplementary Payments by Bernarr Macfadden: 1946
$1,834.68
1947
1,997.18
1948
3,045.40
1949
3,007.14
1950
4,070.80
Payments to Mary Macfadden or to her account at National City Bank: 1946
$13,500.00
1947
13,500.00
1948
13,500.00
1949
13,500.00
1950
13,500.00
Payments to Bernarr Macfadden Foundation toward upkeep and maintenance of Petitioner's Englewood home: 1946
$1,500.00
1947
1,500.00
1948
1,500.00
1949
1,500.00
1950
1,500.00
Distributions to or for the benefit of petitioner totalled $15,000 per annum. During the taxable years petitioner resided at 406 Linden Avenue, Englewood, New Jersey as provided in the separation agreement. This residence was owned by the Bernarr Macfadden Foundation. The Foundation made expenditures in maintaining the property as follows: Reimbursements
Received from
City Bank
Farmers Trust
Company as
Unreimbursed
Trustee
Expenditures
1946
Taxes
$4,524.33
Insurance
168.62
Repairs
90.13
Legal Expense
15.00
Bldg. repairs
1,234.06
$6,032.14
$1,500.00
$4,532.14
1947
Taxes
$4,008.93
Insurance
137.63
Repairs
$4,146.56
1,500.00
2,646.56
1948
Taxes
$3,162.98
Insurance
129.01
Repairs
150.00
$3,441.99
1,500.00
1,941.99
1949
Taxes
$2,779.53
Insurance
91.92
Repairs
361.60
$3,233.05
1,500.00
1,733.05
1950
Taxes
$2,702.44
Insurance
68.94
Repairs
322.36
$3,093.74
1,500.00
1,593.74
*13 Petitioner filed an income tax return for 1946 on March 6, 1947 and a return for 1947 on March 15, 1948. On the 1946 return petitioner reported gross income of $8,614.38 and on the 1947 return she reported gross income of $8,227.85. Petitioner omitted from gross income as shown on her return for 1946 the amount of $15,000 paid to or on her behalf by the trustee as shown above. She made a similar omission on her return for 1947. In both years petitioner omitted from gross income an amount properly includable therein which was in excess of 25 per centum of the amount of gross income stated in her returns for the respective years. On March 5, 1952, which date was within five years of the dates on which the returns for the taxable years 1946 and 1947 were filed, a notice of deficiency for each year was sent to the petitioner by registered mail. Ultimate Findings The separation agreement of April 7, 1932 entered into between petitioner and Bernarr was incident to the divorce between the two and the payments totalling $15,000 per annum in each of the taxable years paid to or for the benefit of petitioner pursuant to the separation agreement and the trust agreement set up in accordance *14 therewith, constituted taxable alimony pursuant to section 22(k) of the Internal Revenue Code of 1939. Pursuant to section 275(c) of the Internal Revenue Code of 1939 the statute of limitations is not a bar to the assessment of deficiencies in income taxes for the years 1946 and 1947. Opinion Petitioner contends that the separation agreement summarized in our findings of fact was not incident to the divorce between Bernarr and herself and consequently that the payments made thereunder were not alimony payments taxable to her under section 22(k), Internal Revenue Code of 1939. That section provides that periodic payments received by a divorced wife subsequent to a decree of divorce in discharge of, or attributable to property transferred in trust or otherwise in discharge of, a legal obligation which because of the marital or family relationship is incurred by the husband under the decree or under a "written instrument incident" to such divorce, shall be included in the gross income of the wife. As we see it, the only way petitioner can escape taxation of the payments involved is for us to find the payments were not made under a written instrument incident to divorce. We can make *15 no such finding. Petitioner cites the cases of Joseph J. Lerner, 15 T.C. 379, revd. (C.A. 2) 195 Fed. (2d) 296; George J. Feinberg, 16 T.C. 1485 revd. (C.A. 3) 198 Fed. (2d) 260; Florence B. Moses, 18 T.C. 1020, revd. (C.A. 2) 214 Fed. (2d) 912; and Cecil A. Miller, 16 T.C. 1010, revd. (C.A. 2) 199 Fed. (2d) 597, as sustaining her position. She also cites Harold Holt, 23 T.C. 469, revd. (C.A. 2) 226 Fed. (2d) 757 and refers to the fact that in a memorandum opinion (Docket No. 13717 entered March 9, 1948) [7 TCM 147;] this Court held that payments pursuant to the separation agreement here involved made in 1942 and 1943 were not deductible by Bernarr. None of the cited cases control our decision here. As we said in Estate of Daniel G. Reid, 15 T.C. 573, affd. (C.A. 2) 226 Fed. (2d) 757 [193 Fed. (2d) 625], "Because the fact situations in cases of this character are so varied, a careful examination of the whole record is required in each in order to reach a proper conclusion." In the case before us we think *16 it is apparent that both parties had divorce in mind when the separation agreement was adopted. As detailed in our findings of fact, the agreement provided for payments in lieu of alimony and specifically referred to "any action for divorce which she [petitioner] may commence." The year after the separation agreement was signed, Bernarr, as a counter measure to petitioner's legal proceedings with relation to the agreement, began divorce proceedings. Indeed, though the divorce did not eventuate till years later, and then in a different suit, nevertheless it seems strange for petitioner now to say that divorce was not contemplated at the time of the separation agreement. The wife in Estate of Daniel G. Reid, supra, testified to similar effect, yet we held that the facts called for the conclusion that the separation agreement was "incident to divorce." We point also to the fact that here the separation agreement was referred to several times in the Florida divorce proceedings and though not made part of the decree, it was left standing unless subsequent circumstances called for a change. Petitioner's argument here seems to be that the written agreement is not incident to *17 divorce because the divorce was obtained a considerable length of time after the date of the separation agreement. A study of the cases cited above and others indicates that this Court has never held that "incident to" as used in the statute is tantamount to "coincident with" a divorce. See Maurice Fixler, 25 T.C. 1313. The memorandum opinion referred to above was decided prior to the divorce of the parties and can have no application or binding effect in the present case. Nor need we consider the argument made by petitioner that the alimony sections of the statute are unconstitutional. That issue was not raised by the pleadings and is not properly before is. We hold that the separation agreement, which must be read together with the trust agreement, pursuant to which the $15,000 [1] payments per annum were made was incident to the divorce and that the payments in controversy were of the character described in section 22(k). Accordingly, the payments are taxable to petitioner. By amended pleadings the Commissioner alleges that petitioner is also taxable on the amounts *18 expended by the Bernarr Macfadden Foundation in maintaining the Englewood residence occupied by petitioner, in addition to the amounts expended by the trustee for that purpose on behalf of petitioner. On this point the Commissioner has the burden of proof and we do not think it has been carried. True it is that petitioner may have obtained some economic benefits because of the additional unreimbursed payments for taxes, repairs, etc. on the residence. But no relationship, other than name, is shown between petitioner's divorced husband, Bernarr, and the Foundation, and there is no proof at all that the Foundation was carrying out obligations toward petitioner in making the payments that would otherwise have been obligations of Bernarr under the separation agreement. On the record, the relationship of these payments to Bernarr's martial obligations is tenuous at best and we see no basis for taxing petitioner therewith. With reference to the statute of limitations question, we think it clear that the $15,000 per annum payments were properly includable in petitioner's gross income for the years 1946 and 1947. She omitted them. They were in excess of 25 per centum of the amount of gross *19 income stated in the returns for each year and we hold that the five-year statute provided in section 275(c) applies. In view of the above holding that the payments under the separation agreement and trust were taxable under section 22(k) it is not necessary to decide whether they also were taxable under section 171. Decision will be entered under Rule 50. Footnotes
1. No separate contention is made as to the $1,500 paid annually for upkeep of the house.↩